LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

AMBROCIO ROJAS,
DAVID VALENCIA DE GABRIEL and
CELESTINO SANCHEZ,
on behalf of themselves and
FLSA Collective Plaintiffs,

      Plaintiffs,

    v.

VELKONEL RESTAURANT, INC.
    d/b/a CAFÉ 31 a/k/a SOUP SPOT ,
PAUL A VELLIOS,
JOHN KELEPESIS,
CONSTANTINO KELEPESIS, and
JOHN ARMENKIAKOS,

      Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, AMBROCIO ROJAS, DAVID VALENCIA DE GABRIEL and CELESTINO SANCHEZ, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT, PAUL A VELLIOS,

1

JOHN KELEPESIS, CONSTANTINO KELEPESIS and JOHN ARMENKIAKOS (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) unpaid spread of hours premium, (4) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, AMBROCIO ROJAS, is a resident of Queens County, New York.

6. Plaintiff, DAVID VALENICA DE GABRIEL, is a resident of Kings County, New York.

7. Plaintiff, CELESTINO SANCHEZ, is a resident of Bronx County, New York.

8. Together, Defendants own and operate a Sports Bar and Grill doing business under the name "Café 31", with a section of the location dedicated to serving soups under the name "Soup Spot", located at 220 West 31st Street, New York, New York 10001.

9. Upon information and belief, Defendant, VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT, is a domestic business corporation organized under the laws of New York, with a principal place of business located at 220 West 31st Street, New York, New York 10001 and an address for service of process located at 670 White Plains Road, Scarsdale, New York 10583.

10. Upon information and belief, Defendant, PAUL A VELLIOS, is an owner and principal of Defendant, VELKONEL RESTAURAUNT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT.  PAUL A VELLIOS exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

11. Upon information and belief, Defendant, JOHN KELEPESIS, is an owner and principal of Defendant, VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT. JOHN KELEPESIS exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

12. Upon information and belief, Defendant, CONSTANTINO KELEPESIS, is an owner and principal of Defendant, VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT. CONSTANTINO KELEPESIS exercised control over the terms and conditions of

Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

13. Upon information and belief, Defendant, JOHN ARMENKIAKOS, is an owner and principal of Defendant, VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT. JOHN ARMENKIAKOS exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

14. At all relevant times, VELKONEL RESTAURANT, INC., d/b/a CAFÉ 31 a/k/a SOUP SPOT was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

16. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

17. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons (including but not limited to waiters, busboys, dishwashers, cooks, food preparers and bartenders) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

20. On or about January 2017 Plaintiff, AMBROCIO ROJAS, was hired by Defendants and/or their predecessors, as applicable, to work as a dishwasher for Defendants' restaurant located at 220 West 31st Street, New York, NY 10001, with an address for service at 670 White Plains Road, Scarsdale, New York 10583.

21. AMBROCIO ROJAS worked for Defendants until on or about July 2017.

22. During the employment of Plaintiff, AMBROCIO ROJAS, by Defendants, he worked over forty (40) hours per week.  During AMBROCIO ROJAS's employment by Defendants, he worked over ten (10) hours per day.

23. Specifically, AMBROCIO ROJAS worked 7 days a week for 11 hours per day. AMBROCIO ROJAS received his compensation on a salary basis, at a rate of $90 per day. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated AMBROCIO ROJAS's rights by paying him on a fixed salary basis, in violation of the New York Labor Law because AMBROCIO ROJAS is a non-exempt employee who must be paid on an hourly basis.

24. On or about December 2005 Plaintiff, DAVID VALENCIA DE GABRIEL , was hired by Defendants and/or their predecessors, as applicable, to work as a cook for Defendants' restaurant located at 220 West 31st Street, New York, NY 10001.

25. As of the date of this complaint, DAVID VALENCIA DE GABRIEL is still presently employed by and works at VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT.

26. During the employment of Plaintiff, DAVID VALENCIA DE GABRIEL, by Defendants, he worked over forty (40) hours per week. During DAVID VALENCIA DE GABRIEL's employment by Defendants, he worked over ten (10) hours per day.

27. Specifically, DAVID VALENCIA DE GABRIEL worked 6 days a week for 12 hours per day between the months of May and September, occasionally working a 7th day when the restaurant was hosting an event. Between the months of October and April, he worked 7 days a week for 12 hours per day. When the restaurant hosted an event, he was required to work extra hours for an additional two hours per event, totaling to a 14 hour work day. DAVID VALENCIA DE GABRIEL improperly received his compensation on a fixed salary basis, at a rate of $700 per week from June 2010 until June 2015, and a rate of $810 per week from June 2015 until the date of this complaint. There was never any agreement that Plaintiff's fixed salary was intended

6

to cover his overtime compensation. Defendants willfully violated DAVID VALENCIA DE GABRIEL's rights by paying him on a salary basis, in violation of the New York Labor Law because DAVID VALENCIA DE GABRIEL is a non-exempt employee who must be paid on an hourly basis.

28. On or about December 2005 Plaintiff, CELESTINO SANCHEZ, was hired by Defendants and/or their predecessors, as applicable, to work as a dishwasher for Defendants' restaurant located at 220 West 31st Street, New York, NY 10001.

29. CELESTINO SANCHEZ worked at VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT until July 2016.

30. During the employment of Plaintiff, CELESTINO SANCHEZ, by Defendants, he worked over forty (40) hours per week. During CELESTINO SANCHEZ's employment by Defendants, he worked over ten (10) hours per day.

31. Specifically, CELESTINO SANCHEZ worked 6 days a week (occasionally 7 days a week) for 13 hours per day. CELESTINO SANCHEZ improperly received his compensation on a fixed salary basis, at a rate of $500 per week from the beginning of his employment period until January 2010, and a rate of $600 per week from January 2010 until the end of his employment period. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated CELESTINO SANCHEZ's rights by paying him on a salary basis, in violation of the New York Labor Law because CELESTINO SANCHEZ is a non-exempt employee who must be paid on an hourly basis.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half).

33. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

34. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other non-exempt employees.

35. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law. In fact, Plaintiffs did not receive any wage statements during their period of employment with Defendants.

36. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

37. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiffs reallege and reaver Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce

within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

40. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

41. Upon information and belief, at all relevant times, Defendant, VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT, had gross revenues in excess of $500,000.

42. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

43. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

44. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

45. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

46. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

51. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

52. Plaintiffs reallege and reaver Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

54. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

55. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

56. Defendants willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each workday that exceeded ten (10) or more hours.

57. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

58. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

59. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

60. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid minimum wages due under the FLSA and the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: August 30, 2017

          Respectfully submitted,

          LEE LITIGATION GROUP, PLLC
          C.K. Lee (CL 4086)
          Anne Seelig (AS 3976)
          30 East 39th Street, Second Floor
          New York, NY 10016
          Tel.: 212-465-1188
          Fax: 212-465-1181
          *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:   */s/ C.K. Lee*
      C.K. Lee, Esq. (CL 4086)