# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between AMBROCIO ROJAS, DAVID VALENCIA DE GABRIEL and CELESTINO SANCHEZ ("Claimants" or "Plaintiffs") and VELKONEL RESTAURANT, INC. d/b/a CAFÉ 31 a/k/a SOUP SPOT, PAUL A VELLIOS, and CONSTANTINO KELEPESIS (collectively the "Company" or "Defendants"), (Claimants and the Company are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of October 3, 2018.

### RECITALS

A. WHEREAS, on or about August 30, 2017, Claimants filed an action (the "Action") against Company, alleging, *inter alia*, that Company failed to pay them certain wages due in connection with services they performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-06616;

B. WHEREAS, no court has considered or determined the claims presented;

C. WHEREAS, Company admits no wrongdoing, nor any liability with respect to Claimants' allegations;

D. NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1. <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2. <u>Settlement Compensation and Release</u>

Company agrees to pay Claimant the settlement amount of $81,000 (the "Settlement Amount"), as follows:

(a) On or before October 31, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(b) On or before November 30, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a

check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(c) On or before December 31, 2018, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(d) On or before January 31, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(e) On or before February 28, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(f) On or before March 31, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(g) On or before April 30, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(h) On or before May 31, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(i) On or before June 30, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(j) On or before July 31, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(k) On or before August 31, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in

the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(l) On or before September 30, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(m) On or before October 31, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(n) On or before November 30, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(o) On or before December 31, 2019, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(p) On or before January 31, 2020, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(q) On or before February 29, 2020, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

(r) On or before March 31, 2010, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $4,500, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date").

To the extent the Action is not yet dismissed by the Court upon the receipt of any payment, Plaintiffs' counsel shall retain such amounts in escrow, to be released upon dismissal of the Action. If the payment is not timely made, subject to a two-week grace period, the full balance of the Settlement Agreement shall be due and payable immediately and Defendants shall also be penalized ten percent (10%) for the unpaid balance, compounded monthly, and accruing from the date of the default. The parties agree that Defendants will only issue a 1099 form to Lee Litigation Group, PLLC, who shall issue a 1099 form to Claimant.

For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimants and their successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, and costs, by whomever asserted, whether at this time known or suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) defendants' failure to pay any wages owed to plaintiff; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all wage claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

Claimants hereby expressly consent that the release contained herein shall be given full force and effect according to each and all of its express terms and provisions. Claimants hereby expressly acknowledge that they have been advised to review this Agreement and the release that it contains with an attorney, that they understand and acknowledge the significance and consequences of said release, and that they understand and acknowledge that without such provision, Defendants would not have entered into this Agreement or provided Claimants with the payments and benefits described in Paragraph 2.

3.      Cooperation. Claimants and Company mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

4.      Jurisdiction. The Settling Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

   5. <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiffs certifiy as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mi y entiendo completamente su contenido.*

_____
Ambrocio Rojas

_____
David Valencia De Gabriel

_____
Celestino Sanchez


Velkonel Restaurant, Inc.

By: _____
Name:
Title: Secretary

_____
Paul A. Vellios

_____
Constantino Kelepesis

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ambrocio Rojas, David Valencia de Gabriel, and Celestino Sanchez on behalf of themselves and FLSA Collective Plaintiffs,<br><br>Plaintiff,<br><br>- vs. -<br><br>Velkonel Restaurant, Inc. d/b/a Café 31 a/k/a Soup Spot , Paul A Vellios, John Kelepesis, Constantino Kelepesis, and John Armenkiakos,<br>Defendants. | DOCKET NO. 17-cv-06616 (VSB) |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs Ambrocio Rojas, David Valencia de Gabriel, and Celestino Sanchez ("Plaintiffs"), and Defendants Velkonel Restaurant, Inc. d/b/a Café 31 a/k/a Soup Spot , Paul A Vellios, John Kelepesis, Constantino Kelepesis, and John Armenkiakos ("Defendants"), that all of Plaintiffs' claims in the Complaint in the above-captioned action are dismissed, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/her/its own costs and attorneys' fees.

Dated: ~~August~~ 10/3, 2018

| LEE LITIGATION GROUP, PLLC | LEVIN-EPSTEIN & ASSOCIATES, P.C. |
|---|---|
| By:_____<br>C.K. LEE | By:_____<br>Joshua Levin-Epstein |
| 30 East 39th Street, Second Floor<br>New York, NY 10016<br>Tel.: (212) 563-9884<br>Attorneys for Plaintiffs | 1 Penn Plaza, Suite 2527<br>New York, New York 10119<br>Tel.: (212) 792-0046<br>Attorneys for Defendants |

SO ORDERED:

_____
Hon. Vernon S. Broderick, U.S.J.