```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
AMBROCIO ROJAS, DAVID VALENCIA                              :
DE GABRIEL and CELESTINO SANCHEZ,                           :
on behalf of themselves and FLSA Collective                 :
Plaintiffs,                                                 :         17-CV-6616 (VSB)
                                                            :
                           Plaintiffs,                      :            ORDER
                                                            :
            -v-                                             :
                                                            :
                                                            :
VELKONEL RESTAURANT, INC., et al.,                          :
                                                            :
                           Defendants.                      :
                                                            :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      In this Fair Labor Standards Act case, the parties filed a proposed settlement agreement for court approval on October 3, 2018.  (Doc. 56.)  Having reviewed the proposed settlement agreement, the letter filed in support of the agreement, and the billing records submitted by Plaintiff's counsel, I find that the agreement is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and its progeny.

      The total settlement amount is $81,000, of which Plaintiffs will receive $54,000, and their counsel will receive $27,000 for attorneys' fees and costs.  (*See* Docs. 56, 56-3.)  Specifically, Plaintiff Ambrocio Rojas will receive $6,480, Plaintiff David Valencia de Gabriel will receive $36,720, and Plaintiff Celestino Sanchez will receive $10,800.  (Doc. 56, at 2.)  Plaintiffs' combined recovery is about 46 percent of the maximum total recovery that would be available to them at trial.  (*See id.*)  This percentage recovery is within the potential recoveries that other courts have found to be reasonable.  *See Larrea v. FPC Coffees Realty Co.*, No. 15-

CIV-1515 (RA), 2017 WL 1857246, at *2 (S.D.N.Y. May 5, 2017) (finding that Plaintiff's recovery of 43 percent of the anticipated maximum recovery was fair and reasonable). The $27,000 Plaintiffs' attorneys will receive represents approximately 33 percent of the total settlement. (*See id.* at 3–4.) Courts in this district routinely find that awards of one third of a total recovery as a fee to be reasonable. *See Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("[A] fee that is one-third of the fund is typical" in FLSA cases). The settlement is APPROVED, and this action is DISMISSED with prejudice.

SO ORDERED.

Dated: April 9, 2019
      New York, New York

Vernon S. Broderick
United States District Judge