IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMBROCIO ROJAS, DAVID VALENCIA DE GABRIEL, and CELESTINO SANCHEZ, *on behalf of themselves and FLSA Collective Plaintiffs*,<br><br>                                Plaintiffs,<br><br>   v.<br><br>VELKONEL RESTAURANT, INC. d/b/a CAFE 31 a/k/a SOUP SPOT, PAUL A VELLIOS, and CONSTANTINO KELEPESIS,<br><br>                                Defendants. | Case No.: 1:17-cv-6616-VSB |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT**

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, Eighth Floor
New York, New York 10011
Telephone: (212) 661-1008
Fax: (212) 465-1181

Plaintiffs AMBROCIO ROJAS, DAVID VALENCIA DE GABRIEL, and CELESTINO SANCHEZ ("Plaintiffs") respectfully submit this memorandum of law in support of their motion for judgment as a result of the failure of Defendants VELKONEL RESTAURANT, INC. d/b/a CAFE 31 a/k/a SOUP SPOT, PAUL A VELLIOS, and CONSTANTINO KELEPESIS ("Defendants") to comply with the Court-approved Settlement Agreement and Release ("Settlement Agreement," Docket No. 56-1) entered into between Plaintiffs and Defendants.  On April 9, 2019, the Court granted approval of the parties' settlement for failure to pay proper wages and overtime.  Defendants have failed to comply with the Settlement Agreement and thus Plaintiffs request that the Court (1) enter judgment against Defendants as permitted by the Settlement Agreement; (2) order that payment be made in full for all monies due under the Settlement Agreement; and (3) award Plaintiffs' counsel's attorneys' fees incurred in the enforcement of the Settlement Agreement.

**I.     FACTS**

By Order dated April 9, 2019 (Docket No. 58), the Court granted approval of the settlement.

Plaintiffs filed a Complaint on August 30, 2017, seeking unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  The Complaint seeks to recover damages because Defendants allegedly (1) failed to pay Plaintiffs the proper minimum wage under the FLSA and NYLL, (2) failed to pay Plaintiffs the proper overtime compensation under the FLSA and NYLL, (3) failed to pay Plaintiffs the proper spread-of-hours premiums under the NYLL, and (4) failed to satisfy other requirements of the FLSA and NYLL. Defendants filed their answer on December

29, 2017 and the parties attended an initial conference on May 3, 2018. During a mediation session on May 22, 2018, the parties reached a settlement in principle. During the months thereafter, the parties continued negotiating the terms of the settlement, which was memorialized in the Settlement Agreement.

The Settlement Agreement required Defendants to remit payment of $81,000 by March 31, 2020. Specifically, Defendants were required to remit eighteen (18) payments of $4,500 each over eighteen (18) months, beginning October 31, 2018 and ending March 31, 2020. Defendants have failed to remit such payment and have failed to comply with the terms of the settlement. To date, Defendants have only remitted $40,500 of the $81,000 settlement amount. Defendants failed to make monthly payments since July 31, 2019. $40,500 is overdue.

As stated in Section 2 of the Settlement Agreement, "if the payment is not timely made, subject to a two-week grace period, the full balance of the Settlement Agreement shall be due and payable immediately and Defendants shall also be penalized ten percent (10%) for the unpaid balance, compounded monthly, and accruing from the date of the default." Defendants failed to make the monthly payment on July 31, 2019, and the two-week grace period expired on August 14, 2019. As such, Defendants should be penalized based on ten percent (10%) of the full balance owed ($40,500), compounded monthly, accruing from August 14, 2019. As of March 2021, we calculate the interest on the unpaid balance to be $6,916.92.

  **II.  ARGUMENT**

 **A.  The Settlement Agreement Should be Enforced**

There can be no dispute that the Parties entered into an enforceable Settlement Agreement. Defendants have defaulted under the terms of the Settlement Agreement and thus, judgment should be entered against all of them.

**B. Plaintiffs Should be Awarded Attorneys' Fees Incurred in the Enforcement of the Agreement**

Plaintiffs seek attorneys' fees in the amount of $2,150 for the four (4) hours Plaintiffs' counsel has spent working on the enforcement of the Settlement Agreement, including corresponding with Defendants and researching and drafting this motion.

Plaintiffs' counsel seeks reimbursement for four (4) additional hours spent in connection with the enforcement of the Settlement Agreement. This time includes Anne Seelig's one (1) hour reviewing payment history, corresponding with Defendants and internal correspondence and one (1) hour revising this motion. Seelig Decl. ¶ 4. At an hourly rate of $800, this amounts to $1,600. Also included is Paralegal Panning Cui's time of two (2) hours spent preparing this motion. At an hourly rate of $275, this amounts to $550. Given that both the FLSA and NYLL are fee shifting statutes, it is appropriate to award Plaintiff's counsel's fees for additional work spent on this matter. *See* 29 U.S.C. § 216(b); NYLL § 198(1-a)[1].

Plaintiffs' counsel has been approved at the requested hourly rates of $800 and $275 in other matters of similar or greater complexity. See *Estrada v. Kingsbridge Marketplace Corp. et al*, 17 Civ. 09890 (Feb. 2020, S.D.N.Y.), *Fteja v. Nusret New York LLC et al.*, 19 Civ. 00429 (Jan. 2020, S.D.N.Y.), *Alvarez v. Schnipper Restaurants LLC*

---

[1] The NYLL also provides that "any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment . . . the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4). Plaintiffs have included this provision in the proposed order.

4

*et al.*, 16 Civ. 05779 (May 2020, S.D.N.Y.), *Chang v. Philips Bryant Park LLC. et al.*, 17 Civ. 08816 (Jun. 2020, S.D.N.Y.), however, noting, for the avoidance of doubt, that such fees were based on a percentage of the fund method with a lodestar cross check.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted and judgment should be entered against Defendants for (1) $40,500, plus a late penalty of 10% in the amount of $6,916.92 as of March 2021, in total of $47,416.92 pursuant to the Court-approved Settlement Agreement; and (2) $2,150 in additional attorneys' fees to Plaintiffs' counsel for time spent to date including enforcing the Settlement Agreement.

Dated: March 8, 2021

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: */s/ Anne Seelig*
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 W. 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-661-1008
Fax: 212-465-1181
***Attorneys for Plaintiffs***